## Seamann *v.* Mifflin Township, Appellant.

*Negligence—Township—Defective guard rail—Death—Affirmation of judgment by majority of court.*

A husband recovered a judgment on a verdict for the death of his wife caused by falling at night from a bridge or culvert alleged to have been improperly guarded by an insufficient rail. There were no eye-witnesses of the accident. The night was dark and the road was muddy. There was evidence that a boardwalk existed more than four feet inside the rail. On appeal, the judgment was affirmed by a majority of the court.

Argued October 15, 1919. Appeal, No. 65, Oct. T., 1919, by defendant, from judgment of C. P. Allegheny Co., April T., 1916, No. 848, on verdict for plaintiff in case of John C. Seamann v. Mifflin Township. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass for death of plaintiff's wife. Before CARPENTER, J.

From the record it appeared that on the night of December 24, 1915, plaintiff's wife was killed by falling over the edge of a culvert or bridge into a ravine below. At the time of the accident plaintiff was walking ahead of his wife, and there was no eye-witness of her fall, nor was there any evidence as to how the accident actually happened. Along the edge of the bridge or culvert there was a rail with but a single stringer, over or under which a person might fall or slip. There was evidence that a boardwalk existed more than four feet inside the rail. The night was dark and the road was muddy.

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*F. J. Tyrrell,* for appellant.

*Ralph P. Tannehill,* with him *Rody P. & Meredith R. Marshall,* for appellee.

PER CURIAM, January 5, 1920:

The majority of the court being of opinion that this case was for the jury, the judgment is affirmed.

Judgment affirmed.